Filed 7/21/25  P. v. Shears CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHARLIE P. SHEARS,<br><br>    Defendant and Appellant. | D083490<br><br><br>(Super. Ct. No. SCD242689) |

APPEAL from an order of the Superior Court of San Diego County, Michael Smyth, Judge.  Affirmed.

Sandra Gillies, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

## I. INTRODUCTION

In 2013, a jury found Charlie P. Shears guilty of one count of murder and two counts of premediated and deliberate attempted murder.  The jury

determined Shears murdered in the commission of a robbery and personally used a firearm in all three counts. In 2020, Shears filed a petition for resentencing pursuant to Penal Code section 1172.6.[1] The trial court denied the petition at the prima facie stage in 2021, finding Shears ineligible for relief based on the jury's robbery-murder special circumstance finding. The California Supreme Court subsequently issued its opinion in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), holding that a felony-murder special circumstance finding by a jury at the time of Shears's trial does not negate a prima facie case for relief under section 1172.6. With a concession from the People and relying on *Strong*, we reversed the trial court's denial of Shears's petition and remanded the matter for an evidentiary hearing.

After holding the evidentiary hearing in 2023, the trial court denied Shears's petition, finding that he was the actual shooter. Shears appeals from that ruling, arguing the trial court applied the wrong legal standard and the ruling was not supported by substantial evidence. We agree the trial court applied the wrong standard but find that error harmless because Shears is ineligible for relief under section 1172.6 as a matter of law. Pursuant to its personal firearm use finding and the available theories for conviction, the jury necessarily determined that Shears was the shooter and made all the necessary findings for currently valid theories of murder and attempted murder. We therefore affirm the denial of Shears's section 1172.6 petition despite our prior remand and the trial court's reasoning.

---

[1] Section 1172.6 was renumbered from section 1170.95, without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.) For clarity, we will refer to the section by its current numbering. All undesignated section references are to the Penal Code.

2

## II. BACKGROUND

In 1996, a man wearing a ski mask entered the Moonlite Market, pulled out a gun, and demanded money from the market's owner, Sleiman Hallak. The gunman fired two shots, prompting Jimmy Shaw, a salesman who had been standing near Hallak, to run down an aisle to the back of the market. The gunman fired several more shots, including one that went by employee Cleo Shiver's head, and continued to demand money. After grabbing items from behind the cashier's counter, the gunman left. Hallak suffered three gunshot wounds and died at the scene.

In 2012, the San Diego District Attorney's Office charged Shears with Hallak's murder (§ 187, subd. (a); count 1) and attempted murder of Shaw and Shivers (§§ 664, 187, subd. (a); counts 2–3). Prosecutors alleged that Shears personally used a firearm in all three counts (§ 12022.5, subd. (a)), and the special circumstance that Shears murdered Hallak during the commission of a robbery (§ 190.2, subd. (a)(17)).

Shaw and Shivers testified at Shears's 2013 trial, describing a single perpetrator that they were unable to identify. The surveillance footage that captured the crimes also depicted one perpetrator and was played for the jury. After hearing gunshots, a witness observed one man exit the Moonlite Market with a bag. Two of Shears's family members and an acquaintance stated that Shears said he was involved in the robbery as a lookout. Virginia Shears, Shears's wife, gave contradictory statements about Shears's role in the robbery, including that Shears was not involved at all, and Shears was the shooter. Shears denied involvement in the robbery when questioned by police.

The trial court instructed the jury that Shears could be guilty of a crime either as the perpetrator or an aider and abettor. For count 1, the

3

court presented two theories of first degree murder:  felony murder and willful, premeditated, and deliberate murder.  The court explained that felony murder could apply if either Shears or a coparticipant was the killer.

For counts 2 and 3, the trial court instructed that attempted murder required the intent to kill, and that if the jury found Shears guilty of that offense, it must also determine whether Shears acted "willfully, and with deliberation and premeditation."  Regarding the personal firearm use allegation, the trial court explained that "[s]omeone personally uses a firearm if he or she intentionally does any of the following:  1. Displays the weapon in a menacing manner; 2. Hits someone with the weapon; OR 3. Fires the weapon."

In closing argument, both sides argued a single perpetrator committed the crimes.  According to the prosecutor, Shears was "acting alone," and "there [wasn't] more than one person involved in this."  The prosecutor asserted, "if you find that Mr. Shears committed this crime, as you should, by himself, and he was the shooter, then he's also guilty of what they call personal use of a firearm because he's the one that used it.  If he's an aider and abettor, he's not.  If you find that the evidence showed he was just a lookout then, he's not guilty of the personal use of a firearm."  Defense counsel presented a similar theory, stating, "[f]act, the person was a lone gunman, acted alone, had no participants along with him.  Fiction, there were other accomplices."

The jury convicted Shears of first degree murder in count 1, finding true the special circumstance that the murder was committed during a robbery.  The jury also found Shears guilty of willful, deliberate, and premediated attempted murder in counts 2 and 3.  The jury further

4

determined that Shears personally used a firearm in the commission of all three counts.

The trial court sentenced Shears to life in prison without the possibility of parole for the first degree murder count, and consecutive terms of life in prison with the possibility of parole for each attempted murder count. We affirmed the convictions on direct appeal. (*People v. Shears* (Oct. 23, 2015, D065200) [nonpub. opn.].)

In 2020, Shears filed a petition for resentencing under section 1172.6. The trial court found Shears made a prima facie showing for relief and issued an order to show cause. The People then filed a supplemental response, arguing the jury's robbery-murder special circumstance finding rendered Shears ineligible for relief as a matter of law. In his reply, Shears argued that the California Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 narrowed the requirements for the felony-murder special circumstance, and the jury's special circumstance finding rendered prior to those decisions should not preclude relief under section 1172.6.[2]

In 2021, the trial court reversed its prior order and denied Shears's petition. The trial court found Shears ineligible for relief based on the jury's robbery felony-murder special circumstance finding despite the decisions in *Banks* and *Clark*.

Shears appealed and after briefing had been submitted, the California Supreme Court issued its decision in *Strong*. In that decision, the high court

---

[2] In *Banks* and *Clark*, our Supreme Court "substantially clarified the law governing" the major participant and reckless indifference elements for an aider and abettor under the felony-murder special circumstance. (*Strong, supra,* 13 Cal.5th at pp. 706–707.)

resolved a split of authority and held that "[f]indings issued by a jury before *Banks* and *Clark* do not preclude a defendant from making out a prima facie case for relief under" section 1172.6. (*Strong, supra*, 13 Cal.5th at p. 710.) In supplemental briefing, the People conceded the trial court erred under *Strong* and that the matter should be remanded for an evidentiary hearing. We agreed and reversed the trial court's ruling with instructions to conduct an evidentiary hearing. (*People v. Shears* (Dec. 13, 2022, D078792) [nonpub. opn.].)[3]

At the evidentiary hearing in 2023, the trial court noted its review of the record of conviction, which was the only evidence presented. This included "all the evidence previously admitted at trial, including witness testimony, stipulated evidence, matters judicially noticed, as well as trial transcripts, jury instructions, and all verdict forms; the information, the pleadings filed in the instant proceeding."[4] The trial court also stated, "I also happen to have been the trial judge, and, given the nature of this case, I do have a fairly good recollection of the trial, even though it was some ten years ago." The trial court also repeatedly referenced the jury's findings. It stated, "the jury . . . necessarily found it was one person, and that it was Mr. Shears," and "there was evidence that one could find beyond a reasonable doubt that he was the shooter." The trial court continued, "[t]he stronger

---

[3]     The People's request for judicial notice of the record from Case No. D078792 is denied. That record is not relevant to our current inquiry, and the People did not serve Shears with the materials to be noticed. (Cal. Rules of Court, rule 8.252(a)(3).)

[4]     The court sustained Shears's objection to the court considering the preliminary hearing transcript and records reflecting conviction in a 1996 robbery matter.

evidence that was believed was a combination of Mr. Shears's statements, some of them; the video, there only being one gunman, one person in that store; and their finding that Mr. Shears used the gun with the intent to kill those two other men.  I mean, that was the finding of the jury, and I think, based on the evidence, it was not an unreasonable finding, even though they could have found otherwise."  The court also stated the jury "couldn't find [Shears], as the getaway driver, guilty of the attempted murders with personal use of a firearm," and "the only way to read these verdicts is that a jury concluded he was the actual killer."

Ultimately, the court denied the petition, concluding that "based upon the jury's finding and the evidence that supports those findings with respect to the attempted murders, I find the People have shown that they've established beyond a reasonable doubt that Mr. Shears was the actual shooter, just as the jury necessarily found, based on the verdicts and the evidence presented at trial."  The court then made the same finding for the murder.  Shears appealed from that ruling.

## III. DISCUSSION

A.    *Section 1172.6*

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) amended the law of homicide, eliminating several theories of murder liability.  (Stats. 2018, ch. 1015, § 1, subd. (f).)  This included modifying section 189 to limit felony murder to the actual killer, or an aider and abettor who intended to kill or majorly participated in the underlying felony with reckless indifference to human life.  (§ 189, subd. (e), added by Stats. 2018, ch. 1015, § 3.)  The new law also added subdivision (a)(3) to section 188, which states, "[m]alice shall not be imputed to a person based

solely on his or her participation in a crime." (§ 188, subd. (a)(3), added by Stats. 2018, ch. 1015, § 2.)

Senate Bill 1437 also created section 1172.6, which authorizes those convicted of murder under prior law to file a petition for resentencing. (Stats. 2018, ch. 1015, § 4.) A petition under section 1172.6 must satisfy three conditions, including that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a)(3).)

At the initial hearing on the petition, the court determines if the petitioner has made a prima facie case for relief. (§ 1172.6, subds. (b)(3) & (c).) In this stage, " ' " 'the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.' " ' " (*People v. Curiel* (2023) 15 Cal.5th 433, 460.) If so, the court must issue an order to show cause and hold an evidentiary hearing to determine if the petitioner should be resentenced. (§ 1172.6, subds. (c) & (d)(1).)

However, " '[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition.' " (*People v. Curiel, supra,* 15 Cal.5th at p. 460.) For example, "[a] petitioner is ineligible for resentencing as a matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that . . . the petitioner was the actual killer, or . . . the petitioner acted with malice aforethought that was not imputed based solely on participation in a crime." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

In this prima facie inquiry, the court may rely on the record of conviction, which includes "the trial evidence, the jury instructions, and

closing arguments of counsel." (*People v. Lopez, supra*, 78 Cal.App.5th at p. 13.) Additionally, " '[w]e may look to the jury's verdicts, *and the factual findings they necessarily reflect.*' " (*People v. Morales* (2024) 102 Cal.App.5th 1120, 1131.)

At the evidentiary hearing, " 'the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing.' [Citation.] To sustain their burden, the People may rely on the record of conviction 'or offer new or additional evidence.' " (*People v. Clements* (2022) 75 Cal.App.5th 276, 294.) "A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3).) The trial court must "act as an independent fact finder and determine, in the first instance, whether the petitioner committed murder under the law as amended by Senate Bill 1437." (*People v. Didyavong* (2023) 90 Cal.App.5th 85, 95.)

B.     *The Trial Court Applied the Wrong Standard at the Evidentiary Hearing*

Although the trial court stated that it found beyond a reasonable doubt that Shears was the shooter, that determination was at least partially "based upon the jury's findings." That statement, as well as the trial court's repeated references to the jury's findings and its memory of the trial, show the trial court did not act as an independent fact finder in the first instance. The trial court therefore applied the wrong standard at the evidentiary hearing. Nonetheless, that error was harmless as explained below.

C.     *The Trial Court's Error Was Harmless Because Shears Is Ineligible for Relief Under Section 1172.6 as a Matter of Law*

9

The failure to apply the proper legal standard at a section 1172.6 evidentiary hearing is harmless, and therefore not subject to reversal, if the petitioner is ineligible for section 1172.6 relief as a matter of law. (*People v. Garrison* (2021) 73 Cal.App.5th 735, 745–747 ["in light of the evidence before the trial court at the section [1172.6], subdivision (d)(3) hearing . . . Garrison is ineligible for relief as a matter of law regardless of the standard of proof applied by the resentencing trial court"].)[5] Similarly, " 'a judgment or order will be affirmed if it is correct on any theory, regardless of the trial court's reasons.' " (*San Bernardino County Bd. of Supervisors v. Monell* (2023) 91 Cal.App.5th 1248, 1281.)

Although there was some evidence that accomplices may have been involved in the Moonlite Market robbery, both the prosecution and defense counsel rejected that evidence, urging the jury that there was a single perpetrator. Further, the only use of a gun in this case was by the individual who shot and killed Hallak and fired at Shivers and Shaw. There was no evidence that an accomplice displayed a firearm in a menacing manner or hit someone with it. As such, by finding the personal firearm use allegations true, the jury necessarily determined that Shears was the perpetrator in all three counts, and the actual killer in count 1. In other words, the jury did not rely on aiding and abetting principles.

Under these circumstances, the jury's first degree murder verdict in count 1 could not have been based on the felony murder theory involving a coparticipant killer. Instead, the jury must have relied on one of the other

---

[5] This is true regardless of whether we apply the federal constitutional "beyond a reasonable doubt" standard (*Chapman v. California* (1967) 386 U.S. 18, 24) or the state law "reasonably probable" standard (*People v. Watson* (1956) 46 Cal.2d 818, 836).

10

two theories presented, which were (1) an actual killer acting willfully, deliberately, and with premeditation; or (2) an actual killer who killed during a robbery. These are both valid murder theories under current law. (§ 189, subds. (a) & (e)(1); *People v. Harden* (2022) 81 Cal.App.5th 45, 53 ["defendants convicted of felony murder are not eligible for [section 1172.6] relief if they were the actual killer"].) As for the attempted murder counts, the jury necessarily determined that Shears, as the shooter, intended to kill and acted willfully with deliberation and premeditation. This is also a valid theory under current law. (§§ 189, subd. (a), 664.)

Accordingly, based on its personal firearm use finding and the available theories for conviction, the jury necessarily determined that Shears was the actual shooter and made all the required findings for currently valid theories of murder and attempted murder. Shears is therefore ineligible for section 1172.6 relief as a matter of law, rendering the trial court's error at the evidentiary hearing harmless. For the same reason, the trial court was correct to deny Shears's petition, so we affirm that ruling despite the trial court's reasoning.

D.     *The Posture of This Case Does Not Preclude Us from Considering Shears's Resentencing Eligibility*

Shears argues that we already determined that he made a prima facie case for resentencing because in his prior appeal, we remanded the matter for an evidentiary hearing. Shears therefore contends that under the law of the case doctrine, the sufficiency of his prima facie showing has already been determined and, given the court's application of an erroneous standard to the underlying order to show cause, the matter must be remanded for another hearing. We disagree.

11

" ' "The doctrine of 'law of the case' deals with the effect of the first appellate decision on the subsequent retrial or appeal:  The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." [Citation.]'  [Citation.]  'Generally, the doctrine of law of the case does not extend to points of law which might have been but were not presented and determined in the prior appeal.  [Citation.]  As an exception to the general rule, the doctrine is . . . held applicable to questions not expressly decided but implicitly decided because they were essential to the decision on the prior appeal.' " (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127, italics omitted.)

Our prior opinion was based on a single ground; namely the trial court's improper reliance on the jury's pre-*Banks* and *Clark* felony-murder special circumstance finding.  The parties did not address, and we did not determine, whether the jury's personal firearm use findings precluded Shears from section 1172.6 relief as a matter of law.  Nor was resolution of that issue essential to our previous decision because it was not a basis for the trial court's ruling.  Further, the People conceded that the matter should be remanded for an evidentiary hearing after the California Supreme Court issued its opinion in *Strong*.  Accordingly, "this case is governed by the general rule that law of the case does not apply to arguments that might have been but were not presented and resolved on an earlier appeal." (*Leider v. Lewis, supra,* 2 Cal.5th at p. 1130.)

Shears further contends that the remittitur limited the trial court's ability to reconsider the prima facie showing and by not asking the trial court to revisit the prima facie inquiry after remand, the People forfeited that issue.  However, because we affirm correct orders regardless of the trial

12

court's reasoning, " 'a respondent may assert a new theory to establish that an order was correct on that theory "unless doing so would unfairly prejudice appellant by depriving him or her of the opportunity to litigate an issue of fact." ' " (*San Bernardino County Bd. of Supervisors v. Monell, supra,* 91 Cal.App.5th at p. 1281, italics omitted.)  As Shears acknowledges, the prima facie inquiry does not involve an issue of fact (*People v. Lopez*, *supra*, 78 Cal.App.5th at p. 14), and regardless of the trial court's reasoning, the denial of Shears's section 1172.6 petition is correct because he is not entitled to relief as a matter of law.

In sum, Shears is ineligible for section 1172.6 relief as a matter of law for reasons not previously submitted to or considered by this court.  Having now reviewed those reasons, and the entire record of conviction presented to the trial court, we conclude that Shears is not entitled to an evidentiary hearing under section 1172.6, so there is no need to remand for such a hearing.  The trial court was correct to deny Shears's petition, and we affirm that order despite the trial court's reasoning and our previous remand for an evidentiary hearing.

## IV. DISPOSITION

The order is affirmed.

RUBIN, J.

WE CONCUR:


IRION, Acting P. J.


BUCHANAN, J.